In re:

§

LEE WAY HOLDING COMPANY § CASE NO: 85-00661

§

DEBTOR § 

_____/

## FIRST AMENDED MOTION FOR ORDER RELEASING UNCLAIMED FUNDS

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY (20) DAYS FORM THE DATE OF SERVICE, THE RELIEF REQWUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY REPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

COMES NOW, OMEGA CONSULTING, in its capacity as ASSIGNEE of LEE WAY HOLDING COMPANY, files this First Amended Motion For Order Releasing Unclaimed Funds, and respectfully requests this Court, pursuant to 11 U.S.C. § 347(b) and 1143, enter an order directing that the remaining unclaimed funds in the registry account, which funds are believed to be $195,627.60, be paid to Assignee, (the "Motion") and in support thereof, states as follows:

Factual Background

1.      Lee Way Holding Company, assigned the rights and privileges to recover unclaimed assets to Omega Consulting, via an instrument entitled "Assignment To Recover Assets" executed by said corporation's duly authorized representative, WILLIAM C. BUCKHAM, in his capacity as the corporation's last General Counsel and one of its last Directors, which assignment instrument was executed before a notary public for the state of Georgia for the county of Gwinnett on February 4, 2008, and then forwarded to Omega

Consulting by United States Postal Service regular mail. The original assignment has already been filed with the Court. (See Docket Entry 5832, Exhibit "A" contained therein)

2. On February 27, 1985, LEE WAY HOLDING COMPANY was established as a business entity incorporated in the state of Ohio.

3. On March 7, 1985 (the "Petition Date"), a Chapter 11 bankruptcy petition was VOLUNTARILY filed.

4. A chapter 11 plan was confirmed on October 5, 1993 and the case was closed on or about August 13, 1998. The Chapter 11 amended plan of reorganization was filed on or about July 13, 1993, and it does not contain any provision dealing with unclaimed dividends. *See docket today 5832*

5. This Court is asked to take judicial notice that a Chapter 11 bankruptcy case closes only after administration of its plan and fulfillment of the trustee of his/her duties. In this instance, more than five (5) years have elapsed since the case closed.

6. The docket report shows that on or about July 10, 1998, unclaimed dividends totaling $241,504.66 were turned over to the Court. Since that time, there have been various motions filed to return such funds. Applicant believes that after deducting the total of unclaimed funds applications that have been paid, then there is an amount totaling between $140,000 to $195,627.60 remaining in the Court's registry. The actual amount of unclaimed funds that are determined to be in the registry account should be returned to Applicant pursuant to the mandatory provisions of 11 U.S.C. § 347(b) and 1143.

### Applicants's Rights

7. Ohio Secretary of State corporation records show that Lee Way Holding Company was created as a result of a corporate merger between Lee Way Motor Freight, Inc and CL Motor Freight, Inc on or about February 27, 1985. William Buckham is conspicuosly

designated as the Secretary of CL Motor Freight, Inc. who executed the merger agreement. (See

Exhibit "F"). *Docket Entry 5832* Mr. Buckham is also recognized in official court paperwork as the vice-President

and General Counsel of Commercial Lovelace Motor Freight, Inc. (See Exhibit "G"). *Docket Entry 5832* Ohio

corporate records affirmatively show Mr. Buckham holding a variety of executive positions with

Commercial Lovelace since at least 1976. (See Exhibit "H"). *Docket Entry 5832* Pursuant to authority provided by

Ohio statutes and general practice and procedure in the bankruptcy courts, all rights and

privileges in recovering these unclaimed assets have been assigned to Omega Consulting. (See

Exhibit "A") *Docket Entry 5832*

8.    The Court is expressly asked to take judicial notice that United District Courts for

both the Southern and Northern District of Ohio recognize the fundamental principle of law that

Ohio corporation statutes provide that an administratively dissolved corporation continues to

exist for the purpose of winding up its affairs. See <u>Shaw vs. Jenkins</u>, 159 F. Supp. 2d 995 (S.D.

Ohio 2001), See also <u>Eleanore Bld'r, Inc. vs. United States</u>, 826 F. Supp. 1111, 1115 (N.D. Ohio

1993). This fundamental concept of law is succinctly declared by one commentator as follows:

"After Liquidation, any dissolution of the corporation or partnership that the parties desire must

be effectuated under state law, since the Code does not provide for dissolution of corporations or

partnerships." See 6 Collier on Bankruptcy, ¶ 727.01[c](15[th] ed. Rev. 2000)

9.    Applicant asks the Court to take judicial notice that corporations are creations of

state law, and Ohio corporations statutes and law unequivocally demonstrate the continued

existence of administratively dissolved corporation, and the attendant authority and power of

such corporation's directors and officers to act on behalf of a corporation in matters germane to

winding up of the corporation's affairs.

10.     Omega Consulting is the Assignee of the Debtor via a duly executed assignment by the corporation's General Counsel and Director and is legally entitled to recover these funds under Bankruptcy Code, Section 2042 and based in equity and law as discussed in In re Atkins, (M.D. Fla. 2005), and In re Georgian Villa, Inc., 55 F.3d 1561, 1563 (11th Cir. 1995).

11.     Applicant would show that LEE WAY HOLDING COMPANY, is an Ohio Corporation, and under Ohio corporation statutes, it continues to exist for the purpose of winding up its incidental affairs, including gathering any remaining assets.

12.     Applicant asks the Court to take judicial notice of the myriad of court decisions by bankruptcy courts recognizing the authority of former corporate officers to wind up the affairs of incidental matter in bankruptcy court, and to recognize that Applicant is legally entitled to recover these funds under Bankruptcy Code Section 2042 and based in equity and law as discussed in In re Atkins, (M.D. Fla. 2005), and In re Georgian Villa, Inc., 55 F.3d 1561, 1563 (11th Cir. 1995).

### Relief Requested

13.     Bankruptcy Code sections 347(b) and 1143 govern the distribution of unclaimed funds. Pursuant to 11 U.S.C. § 347(b) any security, money, or property remaining unclaimed at the expiration of the time allowed in a case under chapter 9, 11, or 12 of this title for the presentation of a security or the performance of any other act as a condition to participation in the distribution under any plan confirmed under section 943(b), 1129, 1173, or 1225 of this title, as the case may be, becomes the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be.

14.     Furthermore, 11 U.S.C. § 1143 provides that if a plan requires presentment or surrender of a security or the performance of any other act as a condition to participation in

distribution under the plan, such action shall be taken later than five years after the date of the entry of the order of confirmation. An entity that has not within such time presented or surrendered such entity's security or taken any such other action that the plan requires may not participate in distribution under the plan.

15. "Sections 347(b) and 1143 together establish an outer limit of five years from entry of a plan corfirmation order within which a creditor required to perform an act as a condition of participating in a plan distribution must accomplish the act or relinquish its rights right to participate." In re TLI, Inc., 213 B.R. 946, 950 (N.D. Tex. 1997). Presenting one's self and cashing a check has been held to be performance of an act as a condition to participation. See In re Rodman, Inc., 50 B.R. 313, 314 (Bankr. W.D. Okla. 1985); In re TLI, 213 B.R. at 956 but see In re Goldblatt Bros., Inc., 132 B.R. 736 (Bank. N.D. Ill. 1991); In re The Signature Group, 172 B.R. 501 (Bankr. R.I. 1994); In re IBIS Corporation, 272 B.R. 883 (Bankr. E.D. Va. 2001). More than five years have passed since confirmation of the Plan and the creditors have failed to claim the unclaimed funds. Therefore, the unclaimed funds have become property of Applicant, Omega Consulting, as a result of the assignment of interest from the Debtor's Sole Shareholder.

16. Based upon Bankruptcy Code Sections 347(b) and 1143, the Debtor, by and through its Assignee, requests the unclaimed funds remaining in the registry account be paid to LEE WAY HOLDING COMPANY c/o Omega Consulting..

17. Applicant has made sufficient inquiry and has no knowledge that this claim has been previously paid that any other application for this claim is currently pending before this Court, or that any party other than the Applicant is entitled to submit an application for the payment of this claim.

18.     Further bankruptcy jurisprudence indicates that a plan may not be revisited for modification and/or changes after it has been substantially consummated. The plan in this bankruptcy proceeding has been substantially modified.

19.     Applicant asks the Court to take judicial notice of all the supporting exhibits that have already been filed.

20.     I understand that, pursuant to 18 U.S.C. § 152, I may be fined or imprisoned, or both, if I have knowingly and fraudulently made any false statements in this document.

## DECLARATION UNDER 28 U.S.C. § 1746

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct

LEE WAY HOLDING COMPANY, by and through its duly authorized Assignee, OMEGA CONSULTING

By: _____
Eric Dangerfield, Owner
12706 Pinebrook Drive
San Antonio, Texas 78230
Tel: (210) 430-0649
Fax: (206) 888-4687

**28 U.S.C. § 1746**

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
**(1)** If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".
**(2)** If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**In re:**

|  |  |  |
|---|---|---|
| **LEE WAY HOLDING COMPANY** | § | **CASE NO: 85-00661** |
|  | § |  |
| **DEBTOR** | § |  |
|  | § |  |

_____ _____ /

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the law of the United States that on 3 - 21 - 08 _____, 2008, that I mailed a copy of this "First Amended Motion For Order Releasing Unclaimed Funds" and its exhibits to United States Attorney For The Southern District Of Ohio, 303 Marconi Boulevard, Suite 200; Columbus, OH 43215, and to the United States Trustee, 170 N. High Street, Ste 200; Columbus, OH 43215-2403, and to William Buckham, 103 Oakland Hills Court; Johns Creek, GA 30097, and to Frederick Luper, Trustee, 50 W. Broad Street, Suite 1200; Columbus, OH 43215, and to Deborah Ecker, 50 W. Broad Street, Suite 1200; Columbus, OH 43215, and to Lee Way Holding Company, 2605 Commercial Lane; Columbus, OH 43215, and to Robert Lepelletier, Jr., 5119 A Leesburg Pike #168; Falls Church, VA 22041-3207, and to Gregory P. Hahn at Dillon & Cohen, 500 East Broad Street; Columbus, OH 43215, and to Squire, Sanders, & Dempsey, BancOhio National Bank, 155 East Broad Street; Columbus, Ohio 43215, and to A.B. Glickman at Ulmer, Berne, Larone, Glickman & Curtis, 900 Bond Court Building, East Ninth Street at St. Clair Avenue; Cleveland, Ohio 44114-1583.

_____

Eric Dangerfield, on behalf of Omega Consulting,
as Assignee of LEE WAY HOLDING COMPANY

# EXHIBIT "A"-2

## ASSIGNMENT TO RECOVER CASH ASSETS

1. LEE WAY HOLDING COMPANY, hereinafter referred to "ASSIGNOR", by and through the undersigned in his capacity as the company's last General Counsel and as one of its last Directors, and pursuant to his powers thereto, if any, and for valuable consideration or the promise of valuable consideration totaling $93,800, and does hereby assign to Omega Consulting; 7706 Pinebrook Drive; San Antonio, Tx 78230; Phone-(210) 430-0649; Fax-(206) 888-4687; all the rights, duties, privileges, and interests to recover certain identified cash assets, receivables, choses in action, tangible and/or intangible property totaling $140,000 or more in which Assignor appears to have a direct interest, and appoints Omega Consulting, Assignee regarding recovery of the same. *Omega will return thirty-three percent (33%) of the funds recovered and remit the balance to William C. Buckham on behalf of Assignor. WCB*

2. THIS ASSIGNMENT is on an "As Is", and Assignee shall not incur any expense or obligation on Assignor's expense, and this assignment is only valid to the extent that neither Assignor, nor its agents are engaged in any effort to recover the cash assets.

3. ASSIGNEE shall prosecute this matter pursuant in its name, and subject to its sole discretion, and the rights, privileges, interests, powers, and authority assigned herein shall commence and be in full force and effect from the date of signature hereunder.

4. IT IS UNDERSTOOD that a photocopy, facsimile, or email of this Assignment shall have the same authority and effect as the original.

WHEREFORE, I set my hand as follows:

SIGNED: _____

       WILLIAM C. BUCKHAM, as last known General Counsel and
       as one of the last known Directors of Lee Way Holding Company,
       4411 E. Jones Bridge Rd
       Norcross, GA 30092

### NOTARY ACKNOWLEDGMENT

BEFORE ME, in the County of _Gwinnett_ in the State of _Georgia_, appeared _William C. Buckham_, and provided a valid photo identification and executed this instrument in the capacity stated herein. WITNESS my hand and official seal.

Date: _February 4, 2008_     _____

       Notary Public
       My Commission Expires: _September 7, 2010_

February 4, 2008

Omega Consulting
Attn: Eric Dangerfield
7706 Pinebrook Drive
San Antonio, TX 78230

Dear Mr. Dangerfield:

Further to your communication regarding cash assets that appear to be recoverable by Lee Way Holding Company ("Lee Way"), a duly signed Assignment to Recover Cash Assets form is enclosed.

I have executed the Assignment solely in my capacity as the company's last General Counsel and as one of its last Directors. It is my understanding that you will proceed based on this assignment, with all costs and expenses to be borne solely by Omega Consulting. It is my further understanding that Omega will retain thirty-three percent (33%) of what is recovered from the Lee Way estate and remit the balance to me.

If you have identified the whereabouts of any other Lee Way Corporate officers and/or directors, please so advise. In any event, please update me on the recovery effort within the next 2 weeks.

Best regards,

William C. Buckham
103 Oakland Hills Court
Johns Creek, GA 30097
bbuckham@checkfree.com
678.375.3761 (O)
678.481.6649 (C)

Bushmon
**CheckFree**®
CheckFree Corporation
4411 East Jones Bridge Road
Norcross, Ga 30092

Omega Consulting
7706 Pinebrook Drive
San Antonio, TX 78230

EXHIBIT  "B" 2





Doc# 20040321A93

NO.__________

NAME OF BUSINESS

OMEGA CONSULTING

7706 Pinebrook #100

San Antonio, TX 78230

CERTIFICATE OF
ASSUMED NAME

FILED IN THE OFFICE OF THE BEXAR COUNTY CLERK THIS ______ DAY OF ________ A.D., 20__ AT _____ O'CLOCK ____ M.

GERRY RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: ________________
DEPUTY

Doc# 20040321A93

# ASSUMED NAME CERTIFICATE

**FOR AN UNINCORPORATED BUSINESS OR PROFESSION OTHER THAN A LIMITED PARTNERSHIP, REGISTERED LIMITED LIABILITY PARTNERSHIP, OR LIMITED LIABILITY COMPANY**

PURSUANT TO THE PROVISIONS OF CHAPTER 36, TITLE 4, BUSINESS AND COMMERCE CODE OF THE STATE OF TEXAS, THE UNDERSIGNED CERTIFIES THE FOLLOWING:

1. THE ASSUMED NAME AND ITS BUSINESS ADDRESS UNDER WHICH THE BUSINESS IS NOW OR IS TO BE CONDUCTED IS:

| ASSUMED NAME | BUSINESS ADDRESS |
| --- | --- |
| OMEGA CONSULTING | |

Date of this notice: 12-14-2006

Employer Identification Number:
20-5961093

Form: SS-4

Number of this notice: CP 575 A

005065.346929.0016.001 2 MB 0.563 1010



OMEGA CONSULTING
7706 PINEBROOK DR STE C
SAN ANTONIO TX 78230

005065

For assistance you may call us at
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB OF THIS NOTICE.

## WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN). We assigned
you EIN 20-5961093. This EIN will identify your business account, tax returns, and
documents, even if you have no employees. Please keep this notice in your permanent
records.

When filing tax documents, please use the label we provided. If this isn't
possible, it is very important that you use your EIN and complete name and address
exactly as shown above on all federal tax forms, payments and related correspondence.
Any variation may cause a delay in processing, result in incorrect information in your
account or even cause you to be assigned more than one EIN. If the information
isn't correct as shown above, please correct it using tear off stub from this notice
and return it to us so we can correct your account.

Based on the information from you or your representative, you must file the
following form(s) by the date(s) shown.

|  |  |
|---|---|
| Form 941 | 01/31/2008 |
| Form 1120 | 08/15/2007 |
| Form 940 | 01/31/2008 |

If you have questions about the form(s) or the due dates(s) shown, you can call
or write to us at the phone number or address at the top of the first page of this
letter. If you need help in determining what your tax year is, see Publication 538,
Accounting Periods and Methods, available at your local IRS office or you can download
this Publication from our Web site at www.irs.gov.

If you believe your yearly employment taxes will be $1,000 or less for the tax
year (average annual wages of $4,000 or less), please contact us on 1-800-829-0115.
You will be required to file Form 944, Employer's Annual Federal Tax Return, rather
than Form 941, Employer's Quarterly Federal Tax Return. This return will be due
annually, on January 31, following the end of the tax year. You can pay your tax
liability annually when you file your return, or you may choose to make more frequent
deposits to reduce the balance due with your annual return. If you use a Reporting
Agent or Tax Practitioner, inform him or her of your Form 944 filing requirement. If
your annual liability rises to $2,500 or more, you will be required to make deposits.
If you do not make the required deposits, you may be subject to penalties and/or
interest. Please refer to Publication 15 (Circular E), Employer's Tax Guide, for
deposit requirements and for more details on the Form 944 annual filing program.

EXHIBIT "C"-2

*1976*

**STATE OF OHIO**
DEPARTMENT OF STATE

**TED W. BROWN**
SECRETARY OF STATE

E0207-1703

RECEIPT NO.    55136

DATE 10/27/76

488681
NUMBER

E207-1703    035

RECEIVED OF
OR FILED BY    WILLIAM C. BUCKHAM

THE SUM OF $    50.00 FOR FILING FLF PER                    OF

COMMERCIAL LOVELACE MOTOR FREIGHT, INC.

FLF $    50.00

RETURNED TO:
    WILLIAM C. BUCKHAM
    3400 REFUGEE RD.
    COLUMBUS, OH 43227

55136

    C/O COMMERCIAL MOTOR FREIGHT INC.

TOTAL FEE $    50.00

NAME:
COMMERCIAL LOVELACE MOTOR FREIGHT, INC.



E207-1703

**THE STATE OF OHIO**

DEPARTMENT OF STATE

TED W. BROWN
Secretary of State

# Certificate

468661

**It is Hereby Certified** that the Secretary of State of Ohio has custody of the Records of Incorporation and Miscellaneous Filings; that said records show the filing and recording of: ___FLF PER___ _____ OF COMMERCIAL LOVELACE MOTOR FREIGHT, INC.

STATE OF INCORP: DE

TYPE OF LICENSE: PERMANENT

EXPIRATION DATE: VALID UNTIL CANCELLED FOR FAILURE TO FILE REPORTS

United States of America
STATE OF OHIO
Office of the Secretary of State

Recorded on Roll E207 at Frame 1705 of the Records of Incorporation and Miscellaneous Filings.



Witness my hand and the seal of the Secretary of State, at the City of Columbus, Ohio, this 20TH day of OCTOBER , A. D. 19 66

TED W. BROWN
Secretary of State

E0207-1700

G-209 Prescribed by Ted W. Brown,
Secretary of State
FOREIGN CORPORATION—FOR PROFIT

APPROVED
FOR FILING
By _____
Date 10/24/86
Amount $ 0.00

# Application for License

TO THE SECRETARY OF STATE, COLUMBUS, OHIO

........... COMMERCIAL LOVELACE MOTOR FREIGHT, INC. .............................. a foreign corporation
desiring to transact business in Ohio, pursuant to the provisions of Sections 1703.01 et seq., Revised
Code of Ohio, does hereby certify as follows:

FIRST. Its corporate name is ....... COMMERCIAL LOVELACE MOTOR FREIGHT, INC.

SECOND. It is a corporation organized under the laws of ..... DELAWARE

THIRD. The complete address of its principal office outside the State of Ohio is.............
....... 100 WEST TENTH STREET, WILMINGTON, DELAWARE 19801

FOURTH. The name of the county and city, village or township in which the principal office
within this State is to be located is ....FRANKLIN COUNTY, COLUMBUS, OHIO

FIFTH. It hereby constitutes and appoints ............ WILLIAM C. BUCKHAM
a resident of the county wherein such principal Ohio office is to be located, as its agent
upon whom service of process may be had in the State of Ohio. The complete resi-
dence address of such person is.....3400 REFUGEE ROAD
..... COLUMBUS, OHIO 43227

SIXTH. It hereby consents irrevocably to the service of process on such person and his suc-
cessors as long as the authority of such agents shall continue as provided by the Ohio
Foreign Corporation Act, and to service of process on the Secretary of State in the
event such person or persons cannot be found or in any of the other events whereby
such service is authorized by the Ohio Foreign Corporation Act.

SEVENTH. The following is a brief summary of the corporate purposes to be exercised
within Ohio: The corporation may engage in the business of trans-
portation of all kinds of freight of every kind and description, by motor
vehicle or any other means; conduct business in foreign, interstate and in-
trastate commerce, as a contract or common carrier or any other manner, engage
in all related businesses of all types including but not limited to owning,
leasing or operating all kinds of terminals, warehouses, garages and the sale
and leasing of all types of equipment including but not limited to trailers,
trucks, tractors, semi-trailers and all other types of motor and mechanically
propelled vehicles; and do all other acts necessary or desirable or inciden-
tal to accomplish the purposes herein.

EIGHTH. The corporation ~~has~~, has not (Strike out words not applicable) had a prior license
to transact business within the State of Ohio.

NINTH. This application ~~is~~ is not made (Strike out words not applicable) to enable
the corporation to prosecute or defend an action or suit the cause of which arose
prior to this application.

Page 3

E207-1703

TENTH. The approximate date upon which the corporation began transacting business in Ohio is .....January 1, 1927.....

ELEVENTH. The application is made to secure a ▓▓▓▓▓, permanent (Strike out word not applicable) license.

TWELFTH. THERE IS HEREWITH SUBMITTED A Certificate of Good Standing or subsistence, under the seal of the Secretary of State, or other proper official of the State under the laws of which the applicant is organized, setting forth: (1) The exact Corporate Title; (2) The date of incorporation; (3) That the Corporation is in good standing or is a subsisting corporation.

THIRTEENTH. The corporation has currently authorized a total of ___500___ shares and has ___100___ shares currently issued.

IN WITNESS THEREOF, said ___William C. Buckham___ has caused this application to be executed by an executive officer duly authorized in the premises, this ___26th___ day of ___October___, 196_76_.

COMMERCIAL LOVELACE MOTOR FREIGHT, INC.

By ___R. L. Ratchford___

(Title) PRESIDENT

STATE OF    OHIO

COUNTY OF   FRANKLIN

___ROBERT L. RATCHFORD___, being duly sworn, says that he is ___PRESIDENT___ of the applicant and that the foregoing statements are true and correct according to his best knowledge and belief.

___Nancy B. Sheets___

Sworn to before me and subscribed in my presence this _26th_ day of _October_, 196_76_.

NOTARY PUBLIC
NANCY B. SHEETS
NOTARY PUBLIC, FRANKLIN COUNTY, OHIO
MY COMMISSION EXPIRES AUG. 19, 1981

Form C-100

F0734-1223

**State of Delaware**

**Office of Secretary of State**

IN PLACE THEREOF "LEE WAY HOLDING COMPANY"
: : : : : : : : : : :

Michael Harkins, Secretary of State

AUTHENTICATION:

DATE:

F0734-1224

## CERTIFICATE OF OWNERSHIP AND MERGER

### MERGING

### LEE WAY MOTOR FREIGHT, INC.

### INTO

### CL MOTOR FREIGHT, INC.

CL Motor Freight, Inc., a corporation organized and existing under the laws of the State of Delaware, does hereby certify as follows:

FIRST: That this corporation was incorporated on September 22, 1976 pursuant to the General Corporation Law of the State of Delaware.

SECOND: That this corporation owns all of the outstanding shares of stock of Lee Way Motor Freight, Inc., a corporation incorporated on May 29, 1936 pursuant to the General Corporation Law of the State of Delaware.

THIRD: That this corporation, by the following resolutions of its Board of Directors, duly adopted at a meeting held on the 27th day of February 1985, determined to and did merge into itself said Lee Way Motor Freight, Inc.:

> RESOLVED, that CL Motor Freight, Inc., a Delaware corporation, merge, and it hereby does merge into itself, its wholly-owned subsidiary, Lee Way Motor Freight, Inc., a Delaware corporation, and assumes all of the obligations of said subsidiary;

> RESOLVED FURTHER, that the merger shall be effective upon the date of filing with the Secretary of State of Delaware;

> RESOLVED FURTHER, that the proper officers of this corporation be and they hereby are directed to make and execute a Certificate of Ownership and

F0734-1225

Merger setting forth a copy of the resolutions to merge said Lee Way Motor Freight, Inc. and assume its liabilities and obligations, and to cause the same to be filed with the Secretary of State of Delaware and a certified copy recorded in the office of the Recorder of Deeds of New Castle County and to do all acts and things whatsoever, whether within or without the State of Delaware, which may be in any way necessary or proper to effect said merger; and

RESOLVED FURTHER, that this corporation change its corporate name by changing Article FIRST of th. Restated Certificate of Incorporation of this corporation to read as follows:

"FIRST: The name of the Corporation is LEE WAY HOLDING COMPANY".

FOURTH: Anything herein or elsewhere to the contrary notwithstanding this merger may be amended or terminated and abandoned by the Board of Directors of CL Motor Freight, Inc. at any time prior to the date of filing the merger with the Secretary of State.

IN WITNESS WHEREOF, said CL Motor Freight, Inc. has caused this certificate to be signed by Gerard W. McIntyre, its President, and attested by William C. Buckham, its Secretary, this 27th day of February, 1985.

CL MOTOR FREIGHT, INC.

By _Gerard W. McIntyre_
Gerard W. McIntyre, President

ATTEST:

By _William C. Buckham_
William C. Buckham, Secretary

- 2 -

# Ωmega CONSULTING

7706 Pinebrook Drive • San Antonio, Tx 78230 • Phone-(210) 430-0649 • Fax-(206) 888-4687 • omega77x7@yahoo.com

March 20, 2008

Via Overnight Mail
United States Bankruptcy Court
ATTN: CLERK OF COURT
Schaaf Bldg
170 North High Street
Columbus, OH 43215

**RECEIVED**

**MAR 27 2008**

|         |         |
|---------|---------|
| Re:     | First Amended Motion For Order Releasing Unclaimed Funds |
|         | Claimant:        Omega Consulting, as Assignee of Lee Way Holding Company |
|         | Chapter:         11 |
|         | Case Number:     85-00661 |
|         | Unclaimed Funds: $195,627.60 |

Dear Sirs\Madams:

Please file the enclosed a "First Amended Motion For Order Release Unclaimed Funds.". Along with the Motion are the copies of the original exhibits already filed in this cause, including the duly executed assignment by the corporation's last General Counsel and former Director, William C. Buckham.

Thank you for your prompt attention.

Respectfully yours,

Eric Dangerfield, JD